OPINION OF THE COURT
Emily Jane Goodman, J.
In this holdover proceeding respondent moves to dismiss based on petitioner’s alleged failure to serve a notice of intention not to renew the lease 150 to 120 days prior to its expiration. Petitioner allegedly wants the subject apartment for her personal use, and asserts that she gave the requisite notice, or, alternatively, that where Code of the Rent Stabilization Association of New York City, Inc. (RSC) § 54 (B) is the basis for nonrenewal, no such notice is required.
The question of whether the landlord is required to serve 150- to 120-day notice of her intention not to renew the tenant’s lease is answered by determining whether the Court of Appeals holding in Golub v Frank (65 NY2d 900 [1985]) applies to the case at bar. It is petitioner’s assertion that Golub does not apply because this is not a nonprimary residence case, while respondent urges that both nonrenewal due to nonprimary residence (RSC §54 [E]), and due to personal use (RSC § 54 [B]), are exceptions to the renewal requirements set forth in RSC § 60, which establishes the 150- to 120-day vesting period.
As the Court of Appeals noted in Golub (supra) RSC § 50 "provides that no tenant shall be denied a renewal lease except upon grounds specifically recognized by law. One recognized ground upon which a renewal lease may be denied is *343 that the dwelling unit is not occupied as a tenant’s primary residence.” (Supra, at p 901; emphasis added.) Another recognized ground is nonrenewal for occupancy by owner or her immediate family. RSC § 60 requires that a renewal lease be offered in the 150 to 120 days preceding the expiration of a lease. The Golub court held that the tenant’s right to a renewal vests in that period, absent notice of the landlord’s intention not to renew. The Golub court found the section 60 requirement to have its appropriate counterpart in section 54 cases, where the landlord’s notice during the "window period” is of nonrenewal, rather than of renewal. So, no matter which ground for nonrenewal is used, Golub provides that if no notice of nonrenwal is given, in lieu of an offer of a lease, in the 150- to 120-day period, the tenant’s rights to a renewal lease vest.
Having established the necessity of notice during the window period, the next question in this case concerns a letter, dated October 31, 1984 (about 152 days prior to lease expiration) which petitioner claims was slipped under respondent’s door by her husband on or about November 1, 1984. If properly served, it would give the tenant notice of the landlord’s intention not to renew. Respondent claims never to have received the letter. It is noteworthy that the original petition specifies that 30-day notice was served, but makes no mention of the letter, which was attached as an exhibit to petitioner’s opposition papers, after respondent moved to dismiss based on lack of notice in the window period.
Setting aside for the moment respondent’s objections to the hearsay nature of petitioner’s affidavit, which swears to facts of which she has no personal knowledge, and assuming all facts in the most favorable light to the nonmoving party: would the purported "service” of the notice of nonrenewal suffice?
As noted above, the Golub court established the requirement of a notice of nonrenewal during the 150- to 120-day period — citing RSC § 60 — as a counterpart to the otherwise required offer of a new lease during that period. Section 60 specifies that the notice it requires must be by mail. Clearly, the same rationale which requires one form of notice under section 60 to be by mail, extends to any other notice under the section. Consequently, even if the letter by petitioner was slipped under the respondent’s door within the "window period” — both disputed factual issues — such notice was insuffi *344 cient to comply with section 60, which requires service by mail.
For these reasons, respondent’s right to a renewal lease vested, and petitioner’s holdover proceeding must be dismissed. The question of attorney’s fees is restored to the Part 49 calendar December 12, 1985.